IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORVELL T. MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CHICAGO POLICE OFFICERS<br>RICCARDO ERBACCI (Star No. 1166)<br>BRIAN TUCKER (Star No. 12019)<br>MICHAEL VALENTINE (Star No. 7931)<br>RICHARD CHORAK (Star No. 15670)<br>JOHN BECKER (Star No. 4734)<br>VETO GIOVANNIELLI (Star No. 12843)<br>JOHN GANZ (Star No. 12301)<br>WENDY WELLER (Star No. 18273)<br>WILLIAM MORIARTY (Star No. 6316)<br>ANDREW WALLACE (Star No. 2549)<br>NICOLAS URBAN (Star No. 12441)<br>PHILLIP HERNANDEZ (Star No. 6735)<br>JAMES GOLDBECK (Star No. 6508)<br>MICHAEL GLINES (Star No. 14928)<br>RAYMOND COWIN (Star No. 1262)<br>ROBERT HOFER (Star No. 3860)<br>WILLIAM MC KENNA (Star No. 11711)<br>DOMINIC CANTORE III (Star No. 17861)<br>RENE ARRIAZOLA (Star No. 13168)<br>KEVIN BEATOVIC (Star No. 19758)<br>MATTHEW FOERSTEL (Star No. 10586)<br>MICHAEL MCDERMOTT (Star No. 9813),<br>all in their individual capacities, and<br>THE CITY OF CHICAGO. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 1:11- CV-3333

Hon. Judge Der-Yeghiayan

JURY TRIAL REQUESTED

## SECOND AMENDED COMPLAINT

NORVELL MOORE ("Mr. Moore"), by counsel, for his complaint against defendants CHICAGO POLICE OFFICERS RICCARDO ERBACCI ("Erbacci") (Star No. 1166), BRIAN TUCKER ("Tucker") (Star No. 12019), MICHAEL VALENTINE (Star No. 7931), RICHARD

CHORAK (Star No. 15670), JOHN BECKER (Star No. 4734), VETO GIOVANNIELLI (Star No. 12843), JOHN GANZ (Star No. 12301), WENDY WELLER (Star No. 18273), WILLIAM MORIARTY (Star No. 6316), ANDREW WALLACE (Star No. 2549), NICOLAS URBAN (Star No. 12441), PHILLIP HERNANDEZ (Star No. 6735), JAMES GOLBECK (Star No. 6508), MICHAEL GLINES (Star No. 14928), RAYMOND COWIN (Star No. 1262), ROBERT HOFER (Star No. 3860), WILLIAM MC KENNA (Star No. 11711), DOMINIC CANTORE III (Star No. 17861), RENE ARRIAZOLA (Star No. 13168), KEVIN BEATOVIC (Star No. 19758), MATTHEW FOERSTEL (Star No. 10586), MICHAEL MCDERMOTT (Star No. 9813), all in their individual capacities, and THE CITY OF CHICAGO, alleges as follows:

## INTRODUCTION

1.  This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth Amendment to the United States Constitution. Mr. Moore sues the individual police officer defendants for kicking and punching him repeatedly in the head, torso and hips during his arrest while he was handcuffed and restrained on the ground.

## JURISDICTION AND VENUE

2.  The jurisdiction of the Court is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

## PARTIES

4.  Mr. Moore, Norvell Moore, is a resident of the City of Chicago, Illinois, and a United States citizen.

5. All individual defendants are sworn officers of the Chicago Police Department who are being sued in their individual capacities for actions they took by virtue of their authority as Chicago police officers.

6. All individual defendants, at all times relevant to this complaint, acted under color of state law as police officers of the City of Chicago and within the scope of their employment.

7. Defendant, City of Chicago, is an Illinois municipal corporation that operates the Chicago Police Department. The City of Chicago was, at all times material to this complaint, the employer and principal of all individual defendants.

## FACTS

8. On July 14, 2010 at approximately 12:00 p.m., Mr. Moore was fleeing on foot following a high speed vehicle chase with several Chicago police officers, including the individual named defendants. The high speech chase terminated at the Ohio Street exit ramp.

9. Defendants Erbacci and Tucker (occasionally referred to hereafter as "arresting officers") were in close pursuit, also on foot.

10. All of the remaining defendants (occasionally referred to hereafter as the "assisting arresting officers") were also involved in the chase.

11. At or around the intersection of Halstead and Erie, Mr. Moore was surrounded by defendant Erbacci, defendant Tucker and two Chicago police officer vehicles. The remaining assisting arresting officers arrived soon thereafter.

12. Mr. Moore stopped running and immediately surrendered.

13. Defendant Erbacci, who was approximately ten yards away from Mr. Moore, drew his weapon and ordered Mr. Moore to lay on the ground.

3

14. Mr. Moore, who was wearing blue jeans and a fitted white tank top, immediately complied with defendant Erbacci's command and laid on the ground face down with his hands in the air.

15. At this time, defendant Erbacci ran towards Mr. Moore, placed his knee on Mr. Moore's back and began handcuffing Mr. Moore.

16. Defendant Tucker also approached Mr. Moore and began kicking him in the head repeatedly despite the fact that Mr. Moore was under police control.

17. After handcuffing Mr. Moore, defendant Erbacci rolled Mr. Moore onto his right side, straddled his legs and began squeezing his testicles while yelling "where is the gun?"

18. Mr. Moore did not have a gun or any other weapon on him and communicated as much to defendant Erbacci.

19. As this was happening, approximately four assisting arresting officers began kicking Mr. Moore's back, head and torso. Defendant Erbacci also began punching Mr. Moore on the head.

20. Mr. Moore adopted the fetal position, which deflected most of the kicks to his back and hips.

21. Defendants Erbacci, Tucker and the four assisting arresting officers (collectively, "assaulting officers") continued to assault and batter Mr. Moore for approximately two to three minutes while Mr. Moore was handcuffed on the ground.

22. The remaining assisting arresting officers at the scene stood idly and failed to prevent the assaulting officers from assaulting and battering Mr. Moore, thereby providing their assistance in the assault and battery.

23. At no point did Mr. Moore physically resist the arrest or assault any of the police officers present at the scene, including the assaulting officers and the remaining assisting arresting officers. The force used against Mr. Moore while physically restrained and surrounded by numerous police officers and police officer vehicles was unnecessary, unreasonable and excessive.

24. At all times during the events described above, the defendant police officers assisted each other in performing the various actions described and lent their physical presence and support, and the authority of their office, to each other.

25. Each of the defendant police officers acted knowingly and intentionally, wantonly or with reckless or callous disregard of, and indifference to, Mr. Moore's rights.

26. As a direct and proximate result of the events described above, Mr. Moore was deprived of his rights as stated below. Mr. Moore also suffered and continues to suffer from severe spinal nerve damage, muscle atrophy in his right leg and two bulging disks in his neck and lower back.

<u>**COUNT I**</u>
**FOURTH AMENDMENT**

27. Mr. Moore realleges and incorporates herein Paragraphs 1 through 26 above.

28. Mr. Moore asserts Claim I of his action against all individual Chicago police officer defendants in their individual capacities pursuant to 42 U.S.C. § 1983.

29. The actions of the assaulting officers in repeatedly kicking and punching Mr. Moore in the head, torso and hips while handcuffed and restrained on the ground deprived Mr. Moore of his Fourth Amended right to be free from excessive and unreasonable force in the course of an arrest.

30. The remaining assisting arresting officers present at the scene acted in concert with the assaulting officers by standing idly and failing to intervene to prevent the assaulting officers from assaulting and battering Mr. Moore. Their failure to intervene resulted in the violation of Mr. Moore's Fourth Amendment right to be free from unreasonable force in the course of an arrest.

31. The aforementioned actions of the defendants were the direct and proximate cause of Mr. Moore's constitutional violations and injuries as set forth above.

32. Each of the police defendants' actions and omissions were intentional, willful, and exhibited a conscious disregard or reckless indifference to Mr. Moore's rights. The award of punitive damages against each individual defendant is therefore necessary to punish the defendants for their misconduct, and to deter similar misconduct.

**COUNT II**
**ILLINOIS LOCAL GOVERNMENT AND**
**LOCAL GOVERNMENT EMPLOYEES TORT IMMUNITY ACT**
**(745 ILCS 10/9-102B Defendant City of Chicago)**

33. Mr. Moore realleges and incorporates herein paragraphs 1 through 27 above.

34. Claim II of this Complaint is an Illinois statutory claim against Defendant City of Chicago. This court has jurisdiction of this claim under 28 U.S.C. § 1367.

35. Defendant City of Chicago is the employer of all individual defendants.

36. The police defendants each committed the acts alleged above under color of state law and in the scope of their employment as employees of the City of Chicago.

**REQUEST FOR RELIEF**

WHEREFORE, Mr. Moore prays that the Court:

(A) Award Mr. Moore judgment against each of the individual police defendants, jointly and severally, for actual compensatory damages in an amount to be determined at trial but in an amount no less than $25,000.00;

(B) Award Mr. Moore judgment against each of the individual police defendants, jointly and severally, for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(D) Should any of the individual police defendants be found liable on one or more of the claims set forth above, Mr. Moore demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment Mr. Moore obtain thereon against said defendant, as well as for all attorneys' fees and costs awarded; and

(E) Grant such other and further relief as this Court deems equitable and just.

Dated: October 6, 2011                                  Respectfully submitted,

                                                        /s/ Shima S. Roy
                                                        Shima S. Roy
                                                        Kyle R. Olson
                                                        Natalia MacWilliam
                                                        BAKER & McKENZIE LLP
                                                        130 East Randolph Drive
                                                        Chicago, IL 60601
                                                        (312) 861-8000